UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| CURTIS COLEMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Nos.: 2:14-CR-28-RLJ-MCLC |
| v. | ) | 2:15-CV-326-RLJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

Petitioner Curtis Coleman, through his appointed counsel, moves to withdraw the claim asserted in his amended motion to vacate, set aside, or correct sentence that his trial counsel gave him ineffective assistance by failing to pursue Petitioner's requested appeal [Doc. 134]. Likewise, Petitioner moves to cancel the October 9, 2018, evidentiary hearing on that claim and similarly moves for the Court to vacate its order that required him to be transported for the hearing [*Id.*]. The Court deems Petitioner's motion to withdraw his claim to be a motion to dismiss the claim voluntarily.

Rule 41(a) of the Federal Rules of Civil Procedure provides a vehicle for a plaintiff to dismiss his own case.[1] That Rule provides, in relevant part, that an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. Fed. R. Civ. P. 41(a)(2).[2] Generally, "[a] district court should grant a motion for voluntary dismissal under Rule

---

[1] The Federal Rules of Civil Procedure apply in § 2255 cases, to the extent that they are not inconsistent with the Rules Governing Section 2255 Proceedings for the United States District Courts or statutory law. *See* Rule 12, Rules Governing Section 2255 Cases.

[2] Although the Rule speaks only of dismissal of an "action," courts understand that the Rule permits voluntary dismissal of "claims" as well. *See Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997) ("The plaintiff may dismiss some or all of the defendants, or some or all of his claims . . . .") (citing *Concha*

41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (citations omitted). "[L]egal prejudice" means "prejudice to some legal interest, some legal claim, some legal argument." *Id.* at 976.

Under these circumstances, the Court finds that it is proper to grant Petitioner's motion in its entirety [Doc. 134], by allowing him to withdraw his ineffective assistance claim, cancelling the evidentiary hearing, and vacating the transportation order [Doc. 133]. As counsel undoubtedly has advised Petitioner, the dismissal of this claim is not without consequences. *See Jackson v. United States*, No. 3:90CR85-1, 2006 WL 2443687, at *1 (W.D.N.C. Aug. 21, 2006) ("Petitioner lost the ability to file any § 2255 claims the day after he filed his first, as the statute of limitations expired. 28 U.S.C. § 2255. Petitioner voluntarily withdrew his Motion to Vacate after the statute of limitations expired; therefore, he lost his claim, and cannot raise another.")

Accordingly, the Court will **GRANT** Petitioner's Rule 41(a)(2) motion for a voluntary dismissal of his § 2255 claim of ineffective assistance, as well as his requests to cancel the evidentiary hearing and vacate the Court's transportation order [Doc. 134]. *See Bethel v. United States*, No. 3:08-CR-118, 2015 WL 4470489, at *2 (E.D. Tenn. July 21, 2015) (granting a petitioner's motion to voluntarily dismiss his § 2255 motion).

Additionally, because all other claims raised in Petitioner's amended motion to vacate have been dismissed as meritless and because the sole remaining claim will be dismissed pursuant to Petitioner's motion to withdraw his claim, Petitioner's amended motion to vacate will be **DENIED** and this case this case will be **DISMISSED**.

---

*v. London*, 62 F.3d 1493, 1506 (9th Cir. 1995)); *see also Page Plus of Atlanta, Inc. v. Owl Wireless, LLC*, 733 F.3d 658, 661 (6th Cir. 2013) ("[V]oluntary dismissal comes at a cost. When voluntarily dismissing a *claim*, a party assumes the risk that the statute of limitations, any applicable preclusion rules or any other defenses might bar recovery on the *claim*.") (emphasis added).

Finally, under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability ("COA") should be granted. A COA should issue if a petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals disapproves of the issuance of blanket denials of a COA. *Murphy v. Ohio*, 263 F. 3d 466 (6th Cir. 2001). The District Court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standard set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.*

To warrant a grant of a COA, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. After reviewing each of Petitioner's claims, the Court finds that reasonable jurists could not conclude that those claims are adequate to deserve further review. Because Petitioner has failed to make a substantial showing of the denial of a constitutional right, a COA will not issue.

The claim that is being withdrawn and that the Court is dismissing has not been addressed on the merits and, thus, that claim is not subject to the COA requirement. *See Harbison v. Bell*, 556 U.S. 180, 183 (2009) (observing that a COA is required for "final orders that dispose of the *merits* of a habeas corpus proceeding—a proceeding challenging the lawfulness of the petitioner's detention.") (emphasis added).

After this memorandum opinion was prepared, Petitioner filed a pro se motion to "drop/dismiss the upcoming action" [Doc. 135]. Attorney Jim Williams, who was appointed to represent Petitioner at the evidentiary hearing, has filed the request to withdraw Petitioner's ineffective assistance claim, to cancel the hearing, and to vacate the transportation order [Doc. 134]. Attorney Williams is listed as Petitioner's attorney of record in the Court's database.

Because Local Rule 83.4(c) prohibits representation pro se after appearance by counsel, Petitioner's pro se motion to drop/dismiss the upcoming action is not properly before the Court. Therefore, the Clerk will be **DIRECTED** to terminate that motion [Doc. 135].

**AN APPROPRIATE ORDER WILL ENTER.**

ENTER:

s/ Leon Jordan
United States District Judge